# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

BOSTON SPORTS MEDICINE, INC.,

        Plaintiff,

   v.

BOSTON SPORTS MEDICINE &
RESEARCH INSTITUTE , LLC,

        Defendant.

Civil Action No.:

## PLAINTIFF, BOSTON SPORTS MEDICINE, INC.'S
## COMPLAINT AND JURY DEMAND

NOW COMES the plaintiff, Boston Sports Medicine, Inc., and files this Complaint against the Defendant, Boston Sports Medicine & Research Institute, LLC, alleging as follows:

## NATURE OF THE ACTION

1.     This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*., as amended (the "Lanham Act"), and the laws of the Commonwealth of Massachusetts.  Plaintiff owns the BOSTON SPORTS MEDICINE service mark for use in connection with a variety of goods and services in the field of rehabilitation and physical therapy.  Defendant is improperly using Plaintiff's service mark and domain name to confuse consumers.  Defendant's activities are likely to cause consumer confusion unless enjoined.

1

## PARTIES

2.      Plaintiff Boston Sports Medicine, Inc., (hereinafter "Boston Sports Medicine") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal office located in Boston, Massachusetts that does business at, among other locations,  1 Braintree Street in Allston, Massachusetts 02134, under the name of Boston Sports Medicine.

3.      Defendant, Boston Sports Medicine & Research Institute, LLC, (hereinafter "Defendant"), is a limited liability company organized under the laws of the Commonwealth of Massachusetts, on January 15, 2014, with a principal office indicated in the corporate documents located at 8 Hawthorne Place, Suite 110, Boston, Massachusetts 02114, and a principal office indicated on its website of 40 Allied Drive, Dedham, Massachusetts 02026.

## JURISDICTION AND VENUE

4.      Jurisdiction in this Court is proper as this Complaint poses federal questions arising under particular federal statutes, including the Federal Trademark Act (the "Lanham Act") as amended in 15 U.S.C., §§ 1051 *et seq.*, and the Unfair Competition Act under 15 U.S.C., §§ 1125 *et seq.*  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C., §§1331 and 1338, and 15 U.S.C., § 1121.

5.      To the extent this Complaint contains claims for relief under the laws of the Commonwealth of Massachusetts, those claims are specifically authorized to be brought in this Court under the supplemental jurisdiction provision of 28 U.S.C., § 1367 and under 28 U.S.C., § 1338.

6.     The Court has personal jurisdiction over Defendant as they are conducting business within the Commonwealth of Massachusetts by, among other things, contracting to offer and offering services in the Commonwealth.

7.     Venue is proper in the Commonwealth of Massachusetts and in this District pursuant to 28 U.S.C., § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this District and Defendant is incorporated in the Commonwealth and within this judicial District.

## FACTS

8.     Boston Sports Medicine was founded in 1999, as the result of years of planning, training, and education by its owner Dr. Michael J. Velsmid ("Dr. Velsmid").

9.     Boston Sports Medicine, was incorporated on January 1, 2001, as Allston-Brighton Physical Therapy, Inc.  The company operated as Boston Sports Medicine from January of 2001 and filed an amendment to change its name to Boston Sports Medicine, Inc., with the Secretary of State on November 19, 2003.

10.     Boston Sports Medicine has many well-known clinics with locations in several areas of Massachusetts, including Boston, Brookline, Marblehead, Somerville, and Watertown.

11.     Boston Sports Medicine specializes in sports, dance, orthopedic, and post-surgical physical and aquatic therapy.

12.     Dr. Velsmid holds the degrees of Doctor of Physical Therapy from MGH Institute of Health Professions, Master of Science in Exercise Science from the University

of Massachusetts, Amherst, and Master of Science in Physical Therapy from Simmons College.

13.     Dr. Velsmid started his career as a physical therapist at the Department of Veterans Affairs in 1995.

14.     Dr. Velsmid specializes in sports and outpatient orthopedics and has extensive experience in rehabilitation of high-level competitive athletes.

15.     Since starting Boston Sports Medicine, Dr. Velsmid and his team of clinicians have provided exceptional physical therapy care.

16.     Dr. Velsmid's first location for Boston Sports Medicine was at 556 Cambridge Street, Allston, Massachusetts which subsequently moved to 1 Braintree Street, Allston, Massachusetts.  By the opening of this first location Dr. Velsmid had carefully researched and chosen his clinic name "BOSTON SPORTS MEDICINE".

17.     Dr. Velsmid designed an accompanying logo for his clinics.

18.     On October 19, 2004, Boston Sports Medicine, obtained a Massachusetts trademark registration for the mark "Boston Sports Medicine" for physical therapy, muscular therapy, and massage therapy medical care.  A true and accurate copy of Boston Sports Medicine's mark Massachusetts registration is attached hereto as Exhibit A.

19.     The state trademark was renewed on September 3, 2014.  A true and accurate copy of Boston Sports Medicine's mark Massachusetts renewal registration is attached hereto as Exhibit B.  On July 14, 2014, Boston Sports Medicine, Inc. of which Dr. Velsmid is the Manager, filed an application for registration of the service mark "Boston Sports Medicine" with the United States Patent and Trademark Office ("USPTO").

20.     On June 2, 2015, the USPTO granted registration of "Boston Sports Medicine" on the Principal Register, with registration number 4,746,612 for medical, physical rehabilitation and physical therapy services, in Class 044 (hereinafter referred to as the "Boston Sports Medicine Mark").  A true and accurate copy of the Boston Sports Medicine's mark and registration is attached hereto as Exhibit C.

21.     Boston Sports Medicine has continuously used the Boston Sports Medicine Mark in connection with and to identify its services, in order to distinguish its services from the services offered by other companies.

22.     The result of Boston Sports Medicine's continuous use of the Boston Sports Medicine Mark is that it conveys an immediate idea of the Boston Sports Medicine clinics that have been created, and the high quality of service Boston Sports Medicine provides, such that the Boston Sports Medicine Mark has acquired secondary meaning.

23.     Boston Sports Medicine has made a substantial investment in the creation of the Boston Sports Medicine Mark and in the promotion and protection of the Boston Sports Medicine Mark, and considers the Mark among its most important and valuable assets.

24.     Boston Sports Medicine has the exclusive right, among other things, to exploit commercially the Boston Sports Medicine Mark and to bar use by any third parties of any confusingly similar marks or trade names.

25.     Through extensive use, continuous promotion, and prominent recognition by noteworthy publications, the Boston Sports Medicine Mark has come to be associated with Boston Sports Medicine and to identify Boston Sports Medicine as the

source of the goods and services offered in connection with the Boston Sports Medicine Mark.

26.     Those who define the market and potential market have come to recognize the Boston Sports Medicine Mark for the medical, physical rehabilitation and physical therapy services offered by Boston Sports Medicine.

27.     Boston Sports Medicine's use and promotion of the Boston Sports Medicine Mark has proven enormously successful as Boston Sports Medicine has created a loyal and growing following, together with a sterling medical reputation as exhibited by sources such as SportsMD, online customer reviews on Google, Yelp and other similar websites, and patients recognizing Boston Sports Medicine and highly recommending its services to others.

**DISCOVERY THAT DEFENDANT, BOSTON SPORTS MEDICINE & RESEARCH INSTITUTE, LLC, IS INFRINGING ON THE BOSTON SPORTS MEDICINE MARK AND IS UNFAIRLY COMPETING WITH BOSTON SPORTS MEDICINE**

28.     In or around June of 2014, Dr. Velsmid and the clinic director of Boston Sports Medicine, Dr. Erin Looney discovered that Dr. Thomas J. Gill, M.D. ("Gill") had opened Boston Sports Medicine & Research Institute, in Boston, Massachusetts.  Dr. Velsmid and Dr. Looney immediately realized that Boston Sports Medicine & Research Institute was a virtually identical clinic to Boston Sports Medicine, and thus an entity that infringes upon the Boston Sports Medicine Mark and unfairly competes with Boston Sports Medicine by using a confusingly similar name in the area where Boston Sports Medicine is known and uses the Boston Sports Medicine Mark.

29.     In or around June of 2014, Dr. Looney informed Dr. Velsmid that Boston Sports Medicine, received a fax intended for the "Boston Sports Medicine & Research Institute".

30.     The "Boston Sports Medicine & Research Institute" name is strikingly similar and nearly identical to the Boston Sports Medicine Mark and incorporates the Boston Sports Medicine Mark in the entirety.  There is little material difference in the sight, sound, and meaning between the trade names.

31.     After further investigation, in or around June of 2014, Dr. Velsmid discovered that Boston Sports Medicine & Research Institute had also registered the domain name www.bostonsportsmedicine.com to advertise its services.

32.     In or around February 2015, while browsing the Boston Sports Medicine & Research Institute's website, Dr. Velsmid recognized that both clinics offer physical therapy services. Specifically, the Boston Sports Medicine & Research Institute website possessed a "Physical Therapy" tab highlighting different physical therapy protocols.   A true and accurate copy of the Boston Sports Medicine & Research Institute website, showing the "Physical Therapy" tab, in February 2015 is attached hereto as Exhibit D.

33.     Further, upon clicking the "Physical Therapy" tab, Dr. Velsmid was directed to another specific Physical Therapy webpage, wherein physical therapy services were advertised.  A true and accurate copy of the Boston Sports Medicine & Research Institute Physical Therapy webpage in February 2015 is attached hereto as Exhibit E.

34.     Having learned of the extent of the Boston Sports Medicine & Research Institute infringement on the Boston Sports Medicine Mark, along with the actual customer confusion caused by Defendant's infringement, (discussed herein below), Boston Sports Medicine served a Cease and Desist letter upon Boston Sports Medicine & Research Institute and Gill on July 6, 2015.  A true and accurate copy of this July 6, 2015 letter is attached hereto as Exhibit F.

35.     This initial Cease and Desist letter expressly informed and furnished formal notice to Defendant that Boston Sports Medicine was a registered word mark that Defendant was infringing.  The letter additionally highlighted the customer confusion that the name Boston Sports Medicine & Research Institute will cause, and placed Defendant on notice of Boston Sports Medicine's intention to enforce the Boston Sports Medicine Mark.

36.     This initial Cease and Desist letter additionally requested that Defendant provide written assurances by July 15, 2015 that Defendant cease and desist from using the name Boston Sports Medicine and to immediately transfer and assign any domain names that consist of the Boston Sports Medicine Mark, including, without limitation, the www.bostonsportsmedicine.com domain name.

37.     On July 27, 2015, Defendant responded to the initial Cease and Desist letter. A true and accurate copy of this July 27, 2015 response letter is attached hereto as Exhibit G.

38.     Defendant stated in its response that the use of the Boston Sports Medicine & Research Institute name will not cause confusion, mistake, or deception among consumers in the marketplace.  See Exhibit G.

39.     Defendant also asserted that they did not offer similar services as Boston Sports Medicine and that a sophisticated consumer carefully choosing medical care would not mistake Boston Sports Medicine and Boston Sports Medicine & Research Institute. See Exhibit G.

40.     After receiving the response from Boston Sports Medicine & Research Institute, Dr. Velsmid continued to receive phone calls from confused consumers.

41.     On or around August of 2015, "JrEagleGirlsHockey" (@jr_eagle_girls on Twitter) mistakenly sent a "tweet" to the Twitter handle of Boston Sports Medicine, (@BostonSportsMed) thanking Dr. Gill for helping a patient recover from an injury. Additionally, several other individuals favorited this Tweet and "re-tweeted" it ("kaleigh donnelly", "Gayle Norcross", "Jake peters") thanking Dr. Gill.   A true and accurate copy of a screenshot of the Tweet to the Twitter handle of Boston Sports Medicine, is attached hereto as Exhibit H.

42.     On or about August of 2015, while once again browsing the Boston Sports Medicine & Research Institute website, Dr. Velsmid noticed that the "Physical Therapy" tab was removed from the website and replaced with a "Rehab Protocols" tab.  The new tab illustrated the exact same list of protocols as the "Physical Therapy" tab but was now renamed to "Rehab Protocols."   Furthermore, despite the curious removal of the tab, Defendant continues to offer physical therapy services as evidenced by their "Important Contact Information."  A true and accurate copy of the Boston Sports Medicine & Research Institute website on August 2015, is attached hereto as Exhibit I.

43.     Boston Sports Medicine sent Defendant a second Cease and Desist letter on September 29, 2015, that reiterated the demand that Defendant discontinue its

infringing and deceptive conduct. This second Cease and Desist letter also informed Defendant of the specific instances of consumer confusion. A true and accurate copy of this September 29, 2015 Cease and Desist letter is attached hereto as Exhibit J.

44.    Boston Sports Medicine also reasserted that, although Defendant claimed that the services offered by the two companies were substantially different, both Boston Sports Medicine and Defendant offer physical therapy and post-surgical rehabilitation and recovery, as well as preoperative services.

45.    On October 1, 2015 Dr. Velsmid was notified by patient Juan Gali ("Gali") that Gali had been referred to Dr. Velsmid by another patient, David Serpa ("Serpa"), and that upon trying to contact Dr. Velsmid, Gali experienced difficulty trying to locate Dr. Velsmid because he was confused with Boston Sports Medicine & Research Institute. Gali needed to re-contact Serpa in order to gain clarification on which Boston Sports Medicine to contact. See Affidavit of Dr. Velsmid at ¶ 5, attached hereto as Exhibit K.

46.    On November 5, 2015, Dr. Velsmid was also notified by one of his employees, Michelle Perry ("Perry") that while attending a conference, Perry was approached by a representative of DONJOY/DJO Global who believed they were affiliated with Boston Sports Medicine & Research Institute. Perry clarified that she in fact was associated with Boston Sports Medicine and not Boston Sports Medicine & Research Institute. Perry then reported this incident to Dr. Velsmid. See Affidavit of Dr. Velsmid at ¶ 6, attached hereto as Exhibit K.

47.    Defendant responded to the second Cease and Desist letter on November 12, 2015.

48.    Defendant reasserted that there was no evidence of actual confusion and that consumers are not likely to be confused.  A true and accurate copy of this November 12, 2015 Cease and Desist letter is attached hereto as Exhibit L.

49.    The inquiries Dr. Velsmid received regarding Boston Sports Medicine & Research Institute make it clear that public confusion has already arisen as to whether Boston Sports Medicine & Research Institute is affiliated with or sponsored by Boston Sports Medicine.

50.    To the extent that these and other prospective customers for whom Boston Sports Medicine and Boston Sports Medicine & Research Institute compete in the same market and the same area mistakenly believe that Boston Sports Medicine & Research Institute is authorized, licensed, endorsed, or sponsored by Boston Sports Medicine, and owing to the confusion created by offering virtually identical services, there is a grave risk of tarnishment to the Boston Sports Medicine Mark and Boston Sports Medicine itself.

51.    The services offered by Defendant are identical to the services offered under the Boston Sports Medicine Mark, both clinics offer physical therapy and rehabilitation services.

52.    Defendant was never authorized, licensed, or granted permission to use the Boston Sports Medicine Mark in connection with medical, physical rehabilitation and physical therapy services.

53.    Defendant's use of the Boston Sports Medicine Mark has already caused, presently causes, and is likely to continue to cause further confusion among consumers

and to deceive consumers as to the source, quality, and nature of Defendant's goods and services.

54.    Now with express knowledge as to Boston Sports Medicine's trademark rights, Defendant continues to use the confusing name "Boston Sports Medicine & Research Institute" they selected in an attempt to cause confusion in the marketplace and capitalize on the goodwill and reputation that has been developed by and is associated with "Boston Sports Medicine."

55.    Defendant's misappropriation of Boston Sport Medicine's name, its infringement of the Boston Sports Medicine Mark, and its unfair competition, has caused and continues to cause significant damages and irreparable harm to Boston Sports Medicine.

## COUNT I

### (Federal Trademark Infringement—15 U.S.C., §§ 1114 et seq.)

56.    Boston Sports Medicine incorporates and re-alleges by reference the above paragraphs 1 through 55 as if expressly set forth herein.

57.    Boston Sports Medicine is the legal owner of the Boston Sports Medicine Mark, has not abandoned the Boston Sports Medicine Mark since its first use, and has been, and continues to be, in continuous use in interstate and intrastate commerce.

58.    Defendant's unauthorized use, reproduction, copying or colorable imitations of the Boston Sports Medicine Mark, as explained above, and as done by

Boston Sports Medicine & Research Institute, has caused and is likely to continue to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Defendant's goods and services.

59.     Defendant's use, reproduction, copying or colorable imitation of the Boston Sports Medicine Mark also likely creates the misconception among consumers that Boston Sports Medicine somehow ratifies or authorizes Defendant's infringing use of the Boston Sports Medicine Mark and/or that Boston Sports Medicine is affiliated in some manner with Defendant's business, when such is not the case.

60.     Boston Sports Medicine did not give and has not given Defendant permission to use the Boston Sports Medicine Mark and Boston Sports Medicine, as owner of the Boston Sports Medicine Mark, objects to Defendant's past, and continued, infringing use of the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof.

61.     While Boston Sports Medicine has notified Defendant on several occasions that its use of the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof is unauthorized, Defendant continues to use and extensively exploit, for its own commercial advantage, the Boston Sports Medicine Mark, to the detriment of Boston Sports Medicine as well as the consuming public.

62.     Because Defendant's continued use of the Boston Sports Medicine Mark, and/or any confusingly similar derivations thereof, prevents Boston Sports Medicine from exercising exclusive control over its intellectual property rights and because Defendant's continued use of the Boston Sports Medicine Mark, and/or any confusingly similar derivations thereof, is likely to continue to cause confusion,

mistake, and/or deception as to the source, affiliation, or sponsorship of the goods and services that Defendant advertises, promotes, and/or sells through its infringing use of the Boston Sports Medicine Mark, Boston Sports Medicine lacks an adequate remedy at law.

63. Unless temporary, preliminary and permanent injunctions are issued enjoining Defendant from any continuing or future infringing use of the Boston Sports Medicine Mark, Boston Sports Medicine will continue to sustain irreparable damage. Defendant has already proven it is a willful infringer who has complete disregard of the intellectual property rights of Boston Sports Medicine.

64. Pursuant to 15 U.S.C., § 1116(a), Boston Sports Medicine is entitled to an order enjoining Defendant from using the Boston Sports Medicine Mark to advertise, market, and/or sell Defendant's goods or services.

65. As a direct and proximate cause of Defendant's infringing conduct, Boston Sports Medicine has been damaged and will continue to be damaged. Pursuant to 15 U.S.C., § 1117(a), Boston Sports Medicine is entitled to an order requiring Defendant to account to it for any and all profits and other ill-gotten gains Defendant derived from its unauthorized and infringing use of the Boston Sports Medicine Mark, as detailed herein, and to an order awarding all damages sustained by Boston Sports Medicine by reason of Defendant's infringing conduct.

66. As evidenced by, *inter alia*, Defendant's refusal to cease further use of the Boston Sports Medicine Mark after receiving notice of Boston Sports Medicine's objections to Defendant's infringement of the Boston Sports Medicine Mark, Defendant's conduct was and continues to be intentional and in conscious disregard of

Boston Sports Medicine's rights. Boston Sports Medicine, therefore, is entitled to an award of treble damages and/or enhanced profits from Defendant.

## COUNT II

### (Federal Unfair Competition and False Advertising—15 U.S.C., § 1125(a))

67.     Boston Sports Medicine incorporates and re-alleges by reference the above paragraphs 1 through 66 as if expressly set forth herein.

68.     Boston Sports Medicine is the legal owner of the Boston Sports Medicine Mark, has not abandoned the Boston Sports Medicine Mark since its first use, and the Boston Sports Medicine Mark has been, and remains in continuous use.

69.     Despite knowledge of Boston Sports Medicine's ownership interests in the Boston Sports Medicine Mark, Defendant has made, and continues to make, use in commerce of the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof without Boston Sports Medicine's permission.

70.     Defendant's unauthorized use of the Boston Sports Medicine Mark creates a false association between Defendant and Boston Sports Medicine.

71.     Defendant's unauthorized infringing use of the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof also tends to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendant's goods and services.

72.     Defendant has engaged in fraudulent business practices, false advertising, and unfair competition by using the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof, associated goodwill, and other intangible

rights of Boston Sports Medicine without permission in an attempt to pass off Defendant's goods as coming from, being sponsored by, and/or affiliated with Boston Sports Medicine, when such is not the case.

73.     Defendant's use of the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof, goodwill, and other intangible rights of Boston Sports Medicine is in direct violation of 15 U.S.C., § 1125(a) et seq., and represents false advertising and false designation of source entitling Boston Sports Medicine to all remedies available under the law.

74.     As a direct and proximate result of the foregoing conduct, Boston Sports Medicine is entitled to damages against Defendant, in an amount according to proof at trial, to a temporary, preliminary, and permanent injunction, and to any and all other relief the Court deems just and proper under the law.

## COUNT III

### (Unfair Methods of Competition / Deceptive Acts and Practices—M.G.L. c. 93A, §§ 2 and 11)

75.     Boston Sports Medicine incorporates and re-alleges by reference the above paragraphs 1 through 74 as if expressly set forth herein.

76.     Defendant is engaged in the conduct of trade or commerce within the meaning of M.G.L. c. 93A.

77.     The foregoing conduct by Defendant constitutes a pattern of unfair, deceptive, and fraudulent acts and practices within the meaning of M.G.L. c. 93A in that:

a.     Boston Sports Medicine is the legal owner of the Boston Sports Medicine Mark, has not abandoned the Boston Sports Medicine Mark since its first use, and the Boston Sports Medicine Mark has been, and continues to be, in continuous use.   Despite knowledge of Boston Sports Medicine's ownership interests in the Boston Sports Medicine Mark, Defendant has made, and intentionally continued to make, use in commerce of the Boston Sports Medicine Mark without Boston Sports Medicine's permission.

b.     Boston Sports Medicine never granted Defendant permission to use the Boston Sports Medicine Mark or any similar marks or to engage in the offending activities. After discovering Defendant's infringing use of the Boston Sports Medicine Mark, Boston Sports Medicine demanded that Defendant cease further use of the Boston Sports Medicine Mark. Defendant has refused to cease further use and continues, to this day, to misappropriate Boston Sports Medicine's rights in the Boston Sports Medicine Mark.

c.     Defendant has engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich itself by misappropriating Boston Sports Medicine's exclusive rights to the Boston Sports Medicine Mark and using it for its own benefit.

d.     Defendant has engaged in fraudulent business practices, false advertising, and unfair competition by using the Boston Sports Medicine Mark, associated goodwill, and other intangible rights of Boston Sports Medicine, including but not limited to an improper attempt to pass off Defendant's services as coming from, being sponsored by, and/or affiliated with Boston Sports Medicine.

78.     Defendant's unauthorized use and intentional infringement of the Boston Sports Medicine Mark, as explained above, creates a false association between Defendant and Boston Sports Medicine and is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Defendant's goods and services.

79.     Boston Sports Medicine has been damaged and will continue to be damaged by Defendant's unlawful, unfair, and fraudulent and deceptive business practices as alleged herein.

80.     Boston Sports Medicine is entitled to a preliminary and permanent injunction enjoining Defendant from using the Boston Sports Medicine Mark to advertise, market, and/or sell Defendant's goods or services.  Defendant has profited from its activities and, unless its conduct is enjoined, Boston Sports Medicine will continue to suffer irreparable harm that cannot be adequately calculated or compensated by monetary damages. Accordingly, injunctive relief is proper pursuant to M.G.L. c. 93A, § 11.

81.     As a direct and proximate result of Defendant's conduct, Boston Sports Medicine has been harmed and is entitled to damages against Defendant in an amount according to proof at trial and to any and all other relief the Court deems just and proper under the law.

82.     Boston Sports Medicine is informed and believes, and thereon alleges, that Defendant's conduct was intentional, willful, wanton, malicious, and in conscious disregard of Boston Sports Medicine's rights, thereby justifying an award of three

times its damages, together with reasonable attorneys' fees, pursuant to M.G.L. c. 93A, § 11.

## COUNT IV

### (Trademark Infringement Under M.G.L. c. 110H)

83.    Boston Sports Medicine incorporates and re-alleges by reference the above paragraphs 1 through 82 as if expressly set forth herein.

84.    Boston Sports Medicine owns and enjoys common law trademark rights which are superior to any rights Defendant may claim to any similar mark.

85.    As such, the Boston Sports Medicine Mark is entitled to protection under M.G.L. c. 110H, § 13.

86.    Defendant's unauthorized use of the Boston Sports Medicine Mark in Massachusetts was intended to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Boston Sports Medicine as to the origin, sponsorship, or approval of Defendant's goods.

87.    Defendant's infringement of the Boston Sports Medicine Mark has been willful, wanton, reckless, and done with full knowledge and disregard of Boston Sports Medicine's prior use and rights in its Mark.

88.    Defendant's unauthorized use of a mark confusingly similar to the Boston Sports Medicine Mark in Massachusetts has caused and will continue to cause substantial and irreparable injury to Boston Sports Medicine's business reputation unless Defendant's use of the Boston Sports Medicine Mark is enjoined by this Court.

89.     Boston Sports Medicine is entitled to injunctive relief to enjoin Defendant's further use of the Boston Sports Medicine Mark under M.G.L. c. 110H, § 3.

## COUNT V

### (Massachusetts Common Law Trademark Infringement)

90.     Boston Sports Medicine incorporates and re-alleges by reference the above paragraphs 1 through 89 as if expressly set forth herein.

91.     The Boston Sports Medicine Mark is the proprietary property of Boston Sports Medicine, which possesses certain common law trademark rights and protections in the Boston Sports Medicine Mark under the common law of the Commonwealth of Massachusetts.

92.     Defendant's unauthorized use and intentional infringement of the Boston Sports Medicine Mark, as explained above is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and/or nature of Defendant's goods and services, thereby, committing common law trademark infringement.

93.     Defendant has engaged in unfair competition by using a mark confusingly similar to the Boston Sports Medicine Mark, associated goodwill, and other intangible rights of Boston Sports Medicine without permission in an attempt to pass off Defendant's services as coming from, being sponsored by, and/or affiliated with Boston Sports Medicine.

94.     Defendant's acts and conduct as set forth herein constitutes unfair

competition, willful, unfair, and deceptive acts or practices within the Commonwealth of Massachusetts and violation of Massachusetts common law.

95.     Boston Sports Medicine never gave Defendant permission to use the Boston Sports Medicine Mark or any similar marks or engage in the offending activities. After discovering Defendant's infringing use of the Boston Sports Medicine Mark and/or any confusingly similar derivations thereof, Boston Sports Medicine demanded that Defendant cease further use of the Boston Sports Medicine Mark. Defendant, however, has refused to cease further use and continues, to this day, to misappropriate Boston Sports Medicine's rights in the Boston Sports Medicine Mark.

96.     Boston Sports Medicine has been damaged and will continue to be damaged by Defendant's infringing activities.

97.     As a direct and proximate result of the foregoing conduct, Boston Sports Medicine is entitled to damages against Defendant in an amount that is subject to proof at trial, to a preliminary and permanent injunction, and to any and all other relief the Court deems just and proper under the law.

98.     Boston Sports Medicine is informed and believes, and thereon alleges, that Defendant's conduct was willful, wanton, malicious, and in conscious disregard of Boston Sports Medicine's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## COUNT VI

### (Massachusetts Common Law Unfair Competition)

99.     Boston Sports Medicine incorporates and re-alleges by reference the above paragraphs 1 through 98 as if expressly set forth herein.

100.     Boston Sports Medicine is the legal owner of the Boston Sports Medicine Mark, has not abandoned the Boston Sports Medicine Mark since its first use, and the Boston Sports Medicine Mark has been, and continues to be, in continuous use. Despite knowledge of Boston Sports Medicine's ownership interests in the Boston Sports Medicine Mark, Defendant has made, and intentionally continues to make, use in commerce of the Boston Sports Medicine Mark without Boston Sports Medicine's permission.

101.     Defendant has engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich itself by misappropriating Boston Sports Medicine's rights to the Boston Sports Medicine Mark and using them for its own benefit.

102.     Defendant's unauthorized use of the Boston Sports Medicine Mark creates a false association between Defendant and Boston Sports Medicine. Defendant's unauthorized use of the Boston Sports Medicine Mark also tends to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of Defendant's goods and services.

103.     Defendant has engaged in fraudulent business practices, false advertising, and unfair competition by using the Boston Sports Medicine Mark and associated goodwill, without permission in an attempt to pass off Defendant's goods as coming from, being sponsored by, and/or affiliated with Boston Sports Medicine.

104.    Boston Sports Medicine has been damaged and will continue to be damaged by Defendant's unlawful, unfair, and/or fraudulent business practices and misleading advertising as alleged herein. Boston Sports Medicine, therefore, is entitled to a preliminary and permanent injunction enjoining Defendant from using the Boston Sports Medicine Mark to advertise, market, and/or sell Defendant's goods and services.

105.    As a direct and proximate result of the foregoing conduct, Boston Sports Medicine has been harmed and is entitled to damages against Defendant in an amount according to proof at trial and to any and all other relief the Court deems just and proper under the law.

106.    Boston Sports Medicine is informed and believes, and thereon alleges, that Defendant's conduct was willful, wanton, malicious, and in conscious disregard of Boston Sports Medicine's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in its favor and against Defendant as to all Counts, together with the following relief:

A.    For a preliminary and permanent injunction that enjoins Defendant and its agents, affiliates, parent companies, subsidiaries, servants, employees, and all persons acting in privity or in concert with them, from, directly or indirectly:

(i)    Using the Boston Sports Medicine Mark or trade name in connection with Defendant's services, marketing, advertising, or

promotional materials, or otherwise in connection with Defendant's business;

(ii) Using confusingly similar variations of the Boston Sports Medicine Mark or trade name, specifically including but not limited to "Boston Sports Medicine & Research Institute," causing a likelihood of confusion, deception, and/or mistake as to the source, nature, and/or quality of Defendant's goods or services;

(iii) Otherwise infringing upon the Boston Sports Medicine Mark or trade name; and

(iv) Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

B. For an Order directing Defendant to file with this Court and serve on Boston Sports Medicine, within 10 days after service of an injunction, a written report, signed under oath, setting forth, in detail, the manner and form by which Defendant has complied with the injunction.

C. For an Order that Defendant pays to Boston Sports Medicine compensatory damages for the injuries sustained by Boston Sports Medicine in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C., § 1117, M.G.L. c. 93A, and any other applicable law because of the willful and knowing unlawful acts as alleged herein.

D. For an Order requiring Defendant to account for and pay over to Boston Sports Medicine all gains, profits, and advantages derived by them from the willful and

knowing unlawful activities alleged herein pursuant to 15 U.S.C., § 1117, M.G.L. c. 110H, and any other applicable law.

E.   For an Order awarding Boston Sports Medicine its costs and attorneys' fees incurred in prosecuting this action.

F.   For an Order awarding Boston Sports Medicine pre- and post-judgment interest.

G.   For an Award awarding Boston Sports Medicine such further relief as the Court deems just and proper.


## JURY DEMAND

Boston Sports Medicine hereby demands a trial by jury as to all claims or issues so triable.


                              BOSTON SPORTS MEDICINE, INC.,
                              By its attorneys,

                              */s/ Douglas F. Hartman*
                              _____
                              Douglas F. Hartman, BBO# 642823
                              HARTMAN LEONE
                              One Boston Place
                              201 Washington Street, 26th Floor
                              Boston, Massachusetts 02108
                              P:  617-807-0091
                              F:  617-507-8334
                              dhartman@hartmanleone.com